KOEHLER et al. v. CLARK, Attorney General, et al.

No. 11746.

United States Court of Appeals
Ninth Circuit.

Nov. 15, 1948.

---

780

William L. Brewster, Hart, Spencer, McCulloch & Rockwood, Fletcher Rockwood, and James Richard Devers, all of Portland, Or., for appellants.

David L. Bazelon, Asst. Atty. Gen., Henry L. Hess, U. S. Atty., V. E. Harr, Asst. U. S. Atty., both of Portland, Or., Max. Isenbergh, Sp. Asst. to Atty. Gen., and David E. Feller and Joseph W. Bishop, Jr., Attys., Dept. of Justice, both of Washington, D. C., for appellee Tom C. Clark.

Before DENMAN, Chief Judge, ORR, Circuit Judge, and McCORMICK, District Judge.

McCORMICK, District Judge.

This is an appeal by the executors and trustees of the last will and codicil thereto of Bertha Koehler, deceased, and by Kurt H. Koehler in his individual status, from the "final judgment order" of the District Court for the District of Oregon dismissing an action for want of jurisdiction.

Specifically, the court below, after trial, concluded that the cause being against the Alien Property Custodian was actually a suit against the United States of America, and that inasmuch as the sovereign has not consented to be made a codefendant, no foundation in law existed for the action and it was therefore dismissed.[1]

The appellants concede that the suit is one against the United States and also that the sole measure of the court's authority to entertain the action at their instance must be found in Section 9(a) of the Trading with the Enemy Act of October 6, 1917, as amended, (hereinafter called the Act), 50 U.S.C.A.Appendix, § 9(a).[2]

---

[1] Banco Mexicano v. Deutsche Bank et al., 263 U.S. 591, 44 S.Ct. 209, 68 L.Ed. 465; Josephberg v. Markham, 2 Cir., 152 F.2d 644.

[2] Section 9(a) as far as relevant, is as follows:

"Any person * * * claiming any interest, right, or title in any money or other property which may have been conveyed, transferred, assigned, delivered, or paid to the Alien Property Custodian or seized by him hereunder and held by him * * * may file with the said custodian a notice of his claim * * *. If * * * the claimant shall have filed the notice as above required * * * said claimant may institute a suit in equity * * * in the district court of the United States

Pursuant to stipulation and by order of this court Tom C. Clark, Attorney General of the United States, has been substituted as the appellee in lieu of the Alien Property Custodian, (hereinafter called the Custodian). All functions material to this action have been transferred to the Attorney General, 61 Stat. 951, 11 F.R. 11981; 12 F. R. 4534.

In epitome, the material factual situation shown by the record before us, follows:

Bertha Koehler, herein also called the decedent, a citizen of the United States, died on November 20, 1943, a resident of Portland, Oregon. She left surviving her a son, Kurt H. Koehler, a native-born citizen of the United States and a lifelong resident in the State of Oregon, and a married daughter, Ilse Schloesser, a "national" of a designated enemy country within the meaning of Section 5(b) of the Act, who at all relevant times and "as late as the month of May, 1945" resided in Germany with her two children and one grandchild, and who presumptively is still living there.

The decedent in her last will and a codicil thereto, which testamentary instruments were duly admitted to probate in the appropriate court of the State of Oregon, named the appellants, both citizens of the United States, executors, and they have qualified and acted throughout under the orders of such court in the administration of the estate of Bertha Koehler, deceased.

Mrs. Koehler in the testamentary instruments directed her executors to divide her property into two equal parts. One of such parts she devised and bequeathed outright to her son, and by the terms of paragraph "Third" of the testamentary instruments a "trust fund" was created as to the remaining half with provision therein for management, control and paying over by the trustees in their discretion for the eventual benefit of her daughter Ilse Schloesser, or to her testamentary beneficiaries or "to her heirs and distributees and in the proportions provided by the present statutes of the State of Oregon governing the descent and distribution of real and personal property in cases of intestacy." Appellants are also the designated testamentary trustees of the estate of the decedent and, pursuant to orders of the Oregon probate court, they, as executors, have distributed the estate in accordance with the decedent's will and codicil and in particular they delivered to themselves as trustees of the trust created by paragraph "Third" of the testamentary instruments the remaining one-half of the residue of the estate. This share, in accordance with the order of the probate court entered August 29, 1944, was distributed to the trustees by deposit with them as a "blocked account," to hold "in trust for Ilse Schloesser as the ultimate beneficiary of said (testamentary) Trust: all in accordance with the statutes, proclamations, orders, and regulations of the United States relating thereto."

A portion of this share the trustees have kept in their immediate custody notwithstanding their knowledge and notice of the execution by the Custodian of the vesting order. Part of the trust fund is deposited with the appellee Bank of California National Association, and still another part consists of 237 shares of the stock of appellee United States National Bank of Portland now standing in the name of decedent. Both banks have refused the request of the appellants for delivery to them of the parts of the trust fund held by such banks, respectively, in the belief that the Act forbids them to comply with the request.

On September 22, 1944, appellants as executors and trustees filed in the office of the Custodian an appropriate report disclosing the trust property which had been distributed by the probate court. Subsequently, under date of March 30, 1945, the Custodian executed his Vesting Order No. 4780, vesting the following described property:

"All right, title, interest and claim of any kind or character whatsoever of Ilse

for the district in which such claimant re-resides * * * to establish the interest, right, title, or debt so claimed, and if so established the court shall order the payment, conveyance * * * or delivery to said claimant of the money or other property so held by the Alien Property Custodian * * * or the interest therein to which the court shall determine said claimant is entitled.".

Schloesser, and her heirs and distributees, in and to the estate of Bertha Koehler, deceased, and under clause 'Third' of the will of said Bertha Koehler, and paragraph (g) thereof per codicil dated July 11, 1933, including the right to demand from the executors of said estate and 'from the trustees under said will, payment and delivery of the principal and income of a certain trust fund, for which provision is made in said clause 'Third' of said will and codicil thereto.

On October 1, 1945, pursuant to requirements of the Act, the appellants filed with the Custodian a notice of their claim under oath relating to the property described in vesting order and containing the particulars as required by the Custodian.

Thereafter, on October 9, 1945, appellants (plaintiffs in the court below) filed the action which resulted in the judgment of dismissal.

In measuring the extent of the permissive right to sue the United States that is provided in Section 9(a) of the Act, a chief factor to be considered, along with the wording of the section, is the dominant objective of the Act as amended from time to time to sequester under government control the property of alien enemies and their nationals, so that such property may not be employed in the interest of any enemy government and against the interests of our own Nation.

In order to attain this desideratum summary and drastic procedures by the Custodian are expressly ordained by the Act. Silesian American Corp. v. Clark, 1947, 332 U.S. 469, 68 S.Ct. 179. The initial ascertainment of enemy ownership in property is lodged exclusively in the Custodian and under subdivision (c) of Section 7 it is clear that the consequences of an executed vesting order of the Custodian cannot be frustrated or delayed by withholding delivery of the accused property from him. Central Union Trust Co. v. Garvan, 254 U.S. 554, 41 S.Ct. 214, 65 L.Ed. 403; Commercial Trust Co. v. Miller, 262 U.S. 51, 43 S.Ct. 486, 67 L.Ed. 858; Silesian American Corp. v. Clark, supra.

By the amplified terms of Section 5(b) of the Act that are contained in the 1941 amendments [3] Congress has made manifest the exclusive right of the Custodian to administer under the vesting order any property or interest of the foreign national Ilse Schloesser and to recognize or sanction any authority of the appellants, as trustees, under the testamentary instruments of the decedent would "cause interference with the administration of the vested property" and would be repugnant to the purposes of the Act. No such course should be taken.

[3] The following pertinent provisions of the December 18, 1941 legislation, 55 Stat. 839, show the enlarged and unrestricted authority of the Custodian in the enforcement and administration of the Act:

"(b) (1) During the time of war or during any other period of national emergency declared by the President, the President may, through any agency that he may designate, or otherwise, and under such rules and regulations as he may prescribe, by means of instructions, licenses, or otherwise—

"(A) investigate, regulate, or prohibit, any transactions in foreign exchange, transfers of credit or payments between, by, through, or to any banking institution, and the importing, exporting, hoarding, melting, or earmarking of gold or silver coin or bullion, currency or securities, and

"(B) investigate, regulate, direct and compel, nullify, void, prevent or prohibit, any acquisition holding, withholding, use, transfer, withdrawal, transportation, importation or exportation of, or dealing in, or exercising any right, power, or privilege with respect to, or transactions involving, any property in which any foreign country or a national thereof has any interest, by any person, or with respect to any property, subject to the jurisdiction of the United States; and any property or interest of any foreign country or national thereof shall vest, when, as, and upon the terms, directed by the President, in such agency or person as may be designated from time to time by the President, and upon such terms and conditions as the President may prescribe such interest or property shall be held, used, administered, liquidated, sold, or otherwise dealt with in the interest of and for the benefit of the United States, and such designated agency or person may perform any and all acts incident to the accomplishment or furtherance of these purposes;"

It should be noted that the Oregon state court itself in its order as to distribution to the trustees significantly recognized, at least inferentially, the paramount possessory right of control in the Custodian of the so-called Ilse Schloesser beneficial share in the estate of the decedent. Appellants argue that relinquishment of the Ilse Schloesser beneficial share in the estate of the decedent which they and the two banks hold will operate to deny them an adequate remedy under Section 9(a) of the Act. We find no merit in such contention.

 The findings of the court below establish that all the appellants are citizens of the United States. As such they may properly by recognizing the broad and preemptory provisions of the Act as amended, 55 Stat. 839 bring an action under Section 9(a) to determine the validity and scope of existing claims and interests in the beneficial share of Ilse Schloesser in the estate of the decedent. Cf. Markham v. Cabell, 1945, 326 U.S. 404, 66 S.Ct. 193, 90 L.Ed. 165. But the record before us shows no litigable interest of appellants to be involved in the blocked trust that is established by the testamentary instruments of the decedent.

The sole basis for any justiciable claim of appellants under the Act is to be found in Paragraph XVII of the complaint filed in the District court, which reads:

"Plaintiff Kurt H. Koehler is the son of the decedent, Bertha Koehler. If plaintiff Kurt H. Koehler survives his sister, Ilse Schloesser, and the husband and the children and all lineal descendants of his sister, and if Ilse Schloesser survives her husband and all of her lineal descendants, and if Ilse Schloesser has died or shall die intestate, plaintiff Kurt H. Koehler will be the person entitled under the statutes of the State of Oregon to take and receive all property of said trust; and plaintiff Kurt H. Koehler is consequently a contingent beneficiary of said trust and under the circumstances recited will be entitled to all of the principal and income of said trust."

It is clear that under no eventuality has Kurt H. Koehler any vested interest in the so-called Ilse Schloesser trust. His relationship to his sister's beneficial share under the testamentary instruments of the decedent, under the record before us, is at the most an inalienable and unsalable possible expectancy. And even if it be considered as a contingent remainder as argued by the appellants it is a remote one and as such not favored in law. Love v. Lindstedt, 76 Or. 66, 147 P. 935, Ann.Cas.1917A, 898.

But we think it unnecessary to further denominate or discuss the interest which Kurt H. Koehler alleges in the complaint. Whatever it might be called it is entirely dependent on the status of the Ilse Schloesser interest which is now wholly vested in the Custodian. Ilse Schloesser, at the effective date of the Vesting Order was the only existing beneficiary or person having an interest in the trust under the will and codicil of the decedent. She was a "national" of Germany under the Act, living in Germany, and the Custodian took all of her rights in and to the trust property. There is therefore no claimant with any extant "interest, right, or title" to the vested property within Section 9(a) of the Act and the court below properly dismissed the suit.

Affirmed.

